J-S19004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRADFORD L. RIGGIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER L. FOX | : | |
| | : | |
| Appellant | : | No. 1114 WDA 2020 |

Appeal from the Order Entered September 18, 2020
In the Court of Common Pleas of Warren County Civil Division at No(s):
NO. 510 of 2019

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY DUBOW, J.:                 **FILED: JULY 28, 2021**

Appellant, Jennifer L. Fox ("Wife"), appeals from the September 18, 2020 Order that made a finding in this declaratory judgment action that the word "support" in the parties' Marital Settlement Agreement ("MSA") was ambiguous and proceeded to define the term as "child support."  Upon review, we dismiss this appeal.

A detailed factual and procedural history is unnecessary to our disposition.  Briefly, Appellant and Appellee, Bradford L. Riggin ("Husband"), were married in 2005, had one child together in 2007, and divorced in 2018. On June 29, 2018, the parties entered a MSA and on July 5, 2018, the court adopted the MSA as an Order of court.  Paragraph 11 of the MSA provides, in relevant part, that Husband is to pay Wife monthly payments and "Husband's

_____

[*] Retired Senior Judge assigned to the Superior Court.

obligation to pay **support** to Wife shall cease" on June 1, 2025. Husband's Exhibit 1, MSA, at ¶ 11 (emphasis added). In the MSA, the parties also agreed to waive any past, present, or future spousal support or alimony. *Id.* at ¶¶ 11, 14. In February 2019, Wife filed a Complaint for Child Support. The parties disagreed about whether Husband was already paying Wife child support pursuant to the MSA, and on September 23, 2019, Husband filed a Complaint in Declaratory Judgment seeking clarification of the terms in the MSA. On September 18, 2020, after a hearing, the trial court found the term "support" in the MSA to be ambiguous and then defined the term as "child support." This timely appeal followed.

The Brief that Wife has submitted to this Court fails to conform to the basic requirements of appellate advocacy. For the following reasons, we dismiss this appeal.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). *See* Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). When issues are not properly raised and developed in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived. *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in

dismissal of appeal). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009).

The argument section of Wife's Brief, which purports to analyze four separate issues raised on appeal, is devoid of any citation to relevant case law or statutes applied and analyzed under the facts of this case. *See* Wife's Br. at 12-24. In fact, Wife's entire Brief lacks any citation to legal authority, absent a single reference to the Pennsylvania Rules of Appellate procedure in her Statement of Jurisdiction section. *See id.* at 1. Moreover, Wife's Brief does not include an accurate statement of the scope and standard of review[1] and does not divide the argument section "into as many parts as there are questions to be argued" as required by Rules 2111 and 2119, respectively. *See* Pa.R.A.P. 2111(a)(3) and 2119(a).

Wife's failure to provide any legal framework or authority to develop and support the issues she raises on appeal not only violates our briefing requirements, but more importantly, precludes this Court from effectuating meaningful appellate review. We decline to act as counsel. Accordingly, we dismiss this appeal.

Appeal dismissed.

---

[1] Wife's Brief includes a section entitled "Standard of Review," which consists of a series of paragraphs describing Wife's issues raised on appeal but does not include any case law setting forth this Court's scope or standard of review regarding declaratory judgment actions or interpretation of contracts. Wife's Brief at 2-3.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/28/2021